STERNFELS v. CLARK, appellant.

*Damages — measure of, upon contract to deliver articles not purchasable in market.*

Defendant, a contractor for the removal of dead animals from the city of Brooklyn, agreed to deliver, at a specified price, to plaintiff, who had facilities for manufacturing marketable articles therefrom, all the carcasses plaintiff should collect in Brooklyn for a year. Upon an action for a breach by defendant of this agreement, *held,* that the amount of profits plaintiff would have made, with his facilities, upon the animals defendant had gathered during the time he failed to deliver to plaintiff, was a proper measure of damages in such a case.

APPEAL from a judgment in favor of plaintiff entered upon the verdict of a jury. The action was brought in Kings county by Simon Sternfels against Edward Clark to recover for a breach of a contract for the sale and delivery of dead animals. The facts appear sufficiently in the opinion.

*Dailey & Perry,* for appellant.

*J. L. Overfield,* for respondent.

TALCOTT, J. The defendant was a contractor for the removal of dead animals from the city of Brooklyn and contracted with the plaintiff to sell and deliver to the latter at Barren Island the carcasses of all the animals which he (the defendant) should collect in the city of Brooklyn for the period of one year, at certain prices in the contract specified, and to be delivered as "rapidly as may be, or the health laws may require." The plaintiff had a factory and machinery at Barren Island, where, by means of certain processes, he manufactured various portions of these carcasses into valuable and marketable commodities. The action is brought for a breach of the contract in question in neglecting and refusing to deliver the carcasses.

The only exception of any importance to which our attention is called is to the charge of the judge as to the measure of damages, by which he instructed the jury in substance that they might take into consideration, for the purpose of measuring the damages, the

Sternfels v. Clark.

amount of net profits which the evidence showed the plaintiff would have made by his process with his machinery on the number of animals which the defendant had gathered, and which, under the contract, he had agreed to deliver, but had refused to do so. We think this charge was correct, and afforded the only mode of ascertaining the damages which is disclosed by the case.

It is true that the general, but not universal, measure of damages for a breach of a contract for the sale of personal property, by the non-delivery of the property, is the cost at which the vendee might have supplied himself with similar articles in the market at the time of the breach. But that rule only applies when the article sold can be procured in the market and has a market price. A vendee who is entitled to recover for the non-delivery of articles sold is entitled to a full and fair indemnity for the loss to which he has been subjected by the breach of contract. Where the article purchased can be procured by the purchaser in the market, the difference between the contract price and the market price is generally assumed to be, and is ordinarily in fact, the full indemnity which the law requires. But if the article purchased cannot otherwise be procured and has no market price, or cannot be supplied without great delay, then, in order to ascertain what amount will constitute a full indemnity to the purchaser, resort must be had to other elements of the contract. In this case it could not reasonably be claimed that the articles purchased could have been procured by the vendee in the market, or from other sources than that provided by the contract, consequently an investigation as to the use to which the vendee proposed to put, and was prepared to put, the articles purchased, together with the net results of that use, must be resorted to in order to ascertain the amount of loss which the breach of the contract would, naturally, and by reason of the facts supposed to be in contemplation of the parties at the time of the contract, inflict upon the vendee. The rule stated in *Griffin* v. *Colver*, 16 N. Y. 489, which is as follows : " The general rule is, that the party injured by a breach of contract is entitled to recover all his damages, including gains prevented as well as losses sustained, provided they are certain, and such as might naturally be expected to follow the breach," justifies the instruction in this case, and the judgment must be affirmed.

*Judgment affirmed.*